[Civ. No. 23097. First Dist., Div. Three. Sept. 29, 1967.

SALVATORE J. SPATARO et al., Plaintiffs and Appellants, v. SOUTHERN PACIFIC COMPANY et al., Defendants and Respondents.

EARL WEEKS, Plaintiff and Respondent, v. SOUTHERN PACIFIC COMPANY et al., Defendants and Appellants.

(Consolidated Actions.)

George F. Jansen for Plaintiffs and Appellants and for Plaintiff and Respondent.

Ricksen, Ricksen, Snook & Vendt, Sayer Snook and Richard G. Logan for Defendants and Respondents and for Defendants and Appellants.

DRAPER, P. J.—This appeal presents a factual oddity in motor vehicle-train collision cases—an implied finding that the truck driver's recovery is not barred by contributory negligence, but that his fellow employee, who rode on the right side of the vehicle and did not touch its controls, was contributorily negligent.

Plaintiff Weeks was the driver, and plaintiff Spataro the relief driver, of a tractor-trailer combination owned by plaintiff Sudo. A locomotive of defendant railroad, operated by

defendant Larragoity, struck the vehicle combination. Weeks and Spataro were injured. Weeks brought an action for his injuries. Spataro and Sudo joined in another complaint in which the former sought recovery for his injury and the latter for damage to the vehicles. The actions were consolidated and tried to a jury. Verdict and judgment were for Weeks, but against Spataro and Sudo. Each losing party appeals from the adverse portion of the judgment.

With Weeks driving and Spataro seated to his right, the tractor travelled east on First Street, Oakland, parallel to three sets of railroad tracks. The nearest tracks were occupied by a standing freight train, two to three feet to the right of the tractor-trailer. The caboose of this train was at or just west of Fallon Street. Weeks stopped at the edge of Fallon Street. To assure that the trailer of his 60-foot long rig cleared the caboose on his intended right turn, he drove some 25-30 feet into Fallon and then turned to the south. As the cab cleared the caboose and until the tractor's front bumper was at or near the first rail of the second set of tracks, it was travelling 3 miles or less per hour. Weeks ''could have stopped as fast as I . . . put my foot on the brake.'' Spataro was looking to the rear to see that the trailer did not strike the caboose. He looked forward and saw a man waving his arms and pointing to Spataro's right. Spataro looked in that direction and saw an eastbound locomotive. He shouted. Weeks then saw the engine, which immediately struck the tractor near the rear of its cab. Estimates of the speed of the locomotive varied from 15 to 40 miles per hour. We assume, as do the parties, that the verdicts turned on the issue of contributory negligence.

 Spataro contends that there is no evidence of any duty owed by him which was not owed by Weeks, nor of breach of such duty and causal connection of breach and collision. In effect, he argues that the verdict in favor of Weeks compels, as a matter of law, a like result as to him. In reviewing the evidence, we resolve all conflicts in favor of respondents, and assume that the jury drew all reasonable inferences to support its verdict (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]).

 There is substantial evidence, including that of Spataro, that it was his duty to look to the right for approaching danger, and to warn Weeks. He admitted, in a deposition read to the jury, that he did not look down the tracks to his right until he saw the waving pedestrian,

In the broad arc of its turn, the tractor crossed the space of 4 feet 10 inches separating the rails on which the freight train stood. The nearest rail of the tracks on which the locomotive moved was 9 feet beyond the farther rail of this first track. If the truck had crossed the tracks at right angles to them, driver Weeks would have been able to see to the right along the second tracks as soon as Spataro. But there is evidence that even so it was Spataro's primary duty to keep a lookout to the right. Moreover, the arc of the tractor's right turn was such that the jury could well have inferred that during the crucial period Spataro's side of the cab was somewhat further forward than the driver's side, thus affording him the earlier opportunity to see the approaching locomotive. There is also evidence that Spataro did not inform Weeks that Spataro could not see to the right, although he knew that Weeks relied upon him for warning of danger from that side.

The obstruction of Spataro's view by the standing freight train did not decrease the amount of care required of him (*Will* v. *Southern Pac. Co.*, 18 Cal.2d 468, 474 [116 P.2d 44]). ■ Defendant's creation of that obstruction goes to the issue of negligence, and doubtless was considered by the jury in reaching its verdict in favor of Weeks. But the issue of contributory negligence, on the facts here, was clearly for the jury (*Wilkinson* v. *Southern Pac. Co.*, 224 Cal.App.2d 478, 488-489 [36 Cal.Rptr. 689]).

■ Thus there is evidence that Spataro had a duty distinct from that of Weeks, failed to perform it, and that his lack of care was a proximate cause of the collision. There is also room to infer that Spataro's view to the right opened while that of Weeks' was still obstructed. Either finding would support the verdict.

■ There was testimony from which the jury could find that the locomotive did not sound any warning signals, either by bell or whistle. But such a finding would not, as a matter of law, preclude a finding of contributory negligence. Rather the issue remains one of fact (*Wilkinson* v. *Southern Pac. Co.*, *supra*; *Will* v. *Southern Pac. Co.*, *supra*, at pp. 474-475).

■ Appellant Sudo was the employer of Spataro. It is apparent that the latter's contributory negligence bars the employer's recovery for property damage, and Sudo does not contend otherwise. It follows that the verdict against him is supported.

■ Defendant railroad and its employee argue that the finding of contributory negligence by Spataro necessitates a

like finding as to Weeks. In major part, this argument is defensive, and is advanced only if we sustain Spataro's contention that he must be free of contributory negligence because Weeks was. We have rejected that argument.

■ In part, however, the argument is based upon decisions (*Murray* v. *Southern Pac. Co.*, 177 Cal. 1 [169 P. 675]; *Thompson* v. *Southern Pac. Co.*, 31 Cal.App. 567 [161 P. 21]) filed at a time when the "stop, look and listen" rule was often applied inflexibly in obstructed view cases, as a matter of law and without regard to the total circumstances. This view has long since been abandoned by California courts (see cases reviewed in *Green* v. *Key System Transit Lines,* 116 Cal.App.2d 512 [253 P.2d 780]). The present rule clearly regards this factor but as one of the circumstances to be considered by the jury in determining whether due care was exercised by a plaintiff driver (*Anello* v. *Southern Pac. Co.,* 174 Cal.App.2d 317 [344 P.2d 843]; see *Grimes* v. *Southern Pac. Co.,* 243 Cal.App.2d 304, 315 [52 Cal.Rptr. 60]). The evidence heretofore summarized supports the finding of defendants' negligence.

Here the issue was properly one for the jury, and would have supported a verdict either way as to either Weeks or Spataro. Thus the jury's determination must prevail.

Judgment affirmed. The purported appeal of Southern Pacific Company from an order after judgment has been abandoned and is dismissed.

Salsman, J., concurred.